**Louis Charles TRIGG, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 05–90–00092–CR to
05–90–00094–CR.

Court of Appeals of Texas,
Dallas.

Dec. 31, 1990.

Julie Heald, Dallas, for appellant.

Carolyn Fitz–Gerald Levin, Dallas, for appellee.

Before ENOCH, C.J., and ONION[1] and CARVER[2], JJ.

## OPINION

ENOCH, Chief Justice.

Louis Charles Trigg, Jr. appeals the revocation of his probation. The trial court assessed punishment at five years' imprisonment. In his sole point of error, Trigg alleges that the trial court erred when it did not credit his time spent in a drug treatment center to his sentence. We affirm as to each judgment.

## FACTS

Indictments issued charging Trigg with unauthorized use of a vehicle, credit card abuse, and theft. The trial court placed Trigg on six years' probation without entering findings of guilt. Upon motion, the trial court proceeded with an adjudication of guilt and placed Trigg on ten years' probation. The trial court included within the terms of probation the condition that Trigg enter a drug treatment center and remain until released by the trial court. Trigg entered a center (Help is Possible) on March 27, 1989, but left, without court approval, on June 11, 1989. Upon report of this violation, the trial court revoked Trigg's probation and sentenced him to five years' imprisonment. Trigg filed a motion requesting the trial court to take into consideration the time spent in the center. The trial court denied the motion and Trigg perfected this appeal.

## DISCUSSION

The statute applicable to the facts of this case provides in pertinent part:

In this section, "community corrections facility" means a facility listed in Subdivision (1) of Section 5, Article 42.13, of this code, other than a restitution center.

If a judge places a defendant on probation ..., the judge may require as a condition of probation that the defendant serve a term of not less than one month or more than 24 months in a community corrections facility....

. . . .

A probationer granted probation under this section *may not* earn good conduct

---

1. The Honorable John F. Onion, Jr., Presiding Judge, Retired, Court of Criminal Appeals, sitting by assignment.

2. The Honorable Spencer Carver, Justice, Retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

credit for time spent in a community corrections facility or *apply time spent in the facility toward completion of a prison sentence if the probation is revoked.*

TEX.CODE CRIM.PROC.ANN. art. 42.12(19)(a), (b), (d) (Vernon Supp.1991) (emphasis added).

Thus, if the definition of "community corrections facility" includes a drug treatment center, Trigg is not entitled to credit for the time spent at Help is Possible. Reviewing, the article referenced by § 19(a), article 42.13(5)(a)(1), we find, however, that it does not list facilities or otherwise define the term. Rather, it authorizes the community justice assistance division to take actions to establish the facilities.

We think the types of facilities to which article 42.12(19)(a) refers can be found in article 42.13(6)(b). *See* Op.Tex.Att'y Gen. No. JM–1131, 5951 n. 1 (1989). While not specifically defining "community corrections facilities", article 42.13(6)(b) does list several types of facilities. These include:

(i) restitution facilities;

(ii) court residential treatment facilities;

(iii) *substance abuse treatment facilities;*

(iv) custody facilities and boot camps;

(v) facilities for offenders described by Section 1, Article 4413(49a), Revised Statutes;

(vi) intermediate sanction facilities;

(vii) pre-parole transfer facilities;

(viii) halfway houses; and

(ix) work facilities.

TEX.CODE CRIM.PROC.ANN. art. 42.13(6)(b) (Vernon Supp.1991) (emphasis added).

Therefore, we conclude that Help is Possible is a community corrections facility. Pursuant to article 42.12(19)(d), Trigg is not entitled to credit for the time spent there. We affirm the judgments.