

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 10, 1992

Mr. James A. Lynaugh
Executive Director
Texas Department
 of Criminal Justice
P. O. Box 13084
Austin, Texas 78711

Opinion No. DM-179

Re: Whether a defendant sentenced under Penal Code section 12.422 is entitled to credit for the time the defendant is confined in a substance abuse treatment facility toward the satisfaction of the term of confinement in the institutional division of the Texas Department of Criminal Justice (RQ-406)

Dear Mr. Lynaugh:

On behalf of the Texas Department of Criminal Justice (the "TDCJ"), you ask whether a defendant is entitled to credit toward satisfaction of the term of confinement in the institutional division of the TDCJ for that amount of time the defendant, pursuant to a court order in accordance with section 12.422 of the Penal Code, spent in a substance abuse treatment facility. You suggest that a defendant is not entitled to credit for that amount of time. We agree.

The legislature added section 12.422 to the Penal Code in 1991. *See* Acts 1991, 72d Leg., 2d C.S., ch. 10, § 19.01, at 218. The section became effective October 1, 1992. Section 12.422(a), which pertains to your question, reads as follows:

> A court may punish an eligible defendant[1] convicted of an offense listed in Subsection (d)[2] of this section that is

---

[1]Pursuant to subsection (b), a defendant is eligible for punishment in accordance with section 12.422 of the Penal Code if:

> (1) a pre-sentence investigation conducted under Section 9, Article 42.12, Code of Criminal Procedure, or any other indication suggests that drug or alcohol abuse significantly contributed to the commission of the offense;

otherwise punishable as a felony of the first, second, or third degree by imposing on the defendant:

(1) a term of confinement and treatment in a substance abuse treatment facility operated by the community justice assistance division of the Texas Department of Criminal Justice for an indeterminate term of not more than one year or less than six months, except that the minimum term for a defendant whose underlying offense is an offense under Article 6701/-1, Revised Statutes, is 30 days;

(2) a term of not less than two years or more than 10 years in the institutional division of the Texas Department of Criminal Justice, to begin not later than the 30th day after the day on which the defendant is released from a substance abuse [treatment] facility; and

(3) a fine not to exceed $10,000. [Footnotes added.]

Thus, subsection (a) authorizes, but does not require, a court to sentence an eligible defendant to two separate and distinct periods of incarceration: first, a period of confinement and treatment in a substance abuse treatment facility that the community justice assistance division of the TDCJ operates (subsection (a)(1)); and second, a period of confinement in the institutional division of the TDCJ (subsection (a)(2)).

The same act that added section 12.422 to the Penal Code also added section 493.009 to the Government Code. *See* Acts 1991, 72d Leg., 2d C.S., ch. 10, § 19.03,

---

(footnote continued)

(2) the court determines that there are no other community-based programs or facilities that are suitable for the treatment of the defendant; and

(3) after considering the gravity and circumstances of the offense committed, the court finds that the punishment would best serve the ends of justice.

[2]Subsection (d) states that section 12.422 applies to "all felony offenses other than murder under Section 19.02, Penal Code, or an offense listed under Section 3g(a)(1), Article 42.12, Code of Criminal Procedure, or a sentence the judgment for which contains an affirmative finding under Section 3g(a)(2) of that article."

at 219-21. Section 493.009(a) of the Government Code requires the TDCJ, through its community justice assistance division and its pardons and paroles division, and in cooperation with the Texas Commission on Alcohol and Drug Abuse, to develop a substance abuse treatment program for all defendants sentenced pursuant to section 12.422 of the Penal Code. The substance abuse treatment program is to contain "highly structured work, education, and treatment schedules, a clearly delineated authority structure, and well-defined goals and guidelines." Gov't Code § 493.009(d). In addition, section 493.009(g) directs the TDCJ to provide 12,000 beds for the purpose of operating the substance abuse treatment program.[3]  *Id.* § 493.009(g).[4]

Your question is based on a hypothetical situation in which a defendant has been released from a substance abuse treatment facility, and thus has completed the period of confinement and treatment pursuant to subsection (a)(1). In the scenario you describe, the court has suspended the imposition of the term of confinement that the defendant is to spend in the institutional division of the TDCJ pursuant to subsection (a)(2).[5]  Subsequently, the court revokes the defendant's probation.

---

[3]The TDCJ also may use the beds to house persons transferred under Government Code chapter 499, subchapter A, and Code of Criminal Procedure article 42.18, section 8(i); persons whose probation or parole the court has revoked; and inmates confined in county jails who are awaiting transfer to the institutional division of TDCJ. Acts 1991, 72d Leg., 2d C.S., ch. 10, § 19.03, at 220 (codified as Gov't Code § 493.009(g)). The legislature specified, however, that the TDCJ is to use the beds primarily to house persons sentenced under section 12.422 of the Penal Code; the TDCJ may use the beds for the other specified purposes only if beds are empty. *Id.* (codified as Gov't Code § 493.009(k)).

[4]Section 493.009(d) of the Government Code directs the TDCJ to establish "a graded system of rewards and sanctions for inmates who participate" in the substance abuse treatment program. However, a defendant sentenced pursuant to section 12.422 of the Penal Code "is not entitled to earn awards of time for good conduct." In our opinion, this prohibits the TDCJ from shortening, in return for a convicted defendant's good behavior, the length of time a person stays in the substance abuse treatment facility; it does not impact the length of time a person is sentenced to serve in the institutional division of the TDCJ.

[5]We note that section 6(e) of article 42.12 of the Code of Criminal Procedure specifically authorizes a court to suspend a defendant's sentence to confinement in the institutional division of the TDCJ once the defendant has been released from confinement and treatment in a substance abuse treatment facility. Section 6(e) states as follows:

> If a court imposes punishment under Section 12.422, Penal Code, the jurisdiction of the court continues until the 30th day after the date the

Hence, you inquire whether, in determining the length of time the defendant now must spend confined in the institutional division of the TDCJ, the defendant is credited with the amount of time he or she spent in confinement and treatment in the substance abuse treatment facility.

On its face, section 12.422 of the Penal Code does not provide an answer to your question. Moreover, we were unable to find any legislative history indicating whether the legislature intended a court, upon revocation of probation and reimposition of the sentence, to credit a defendant for the time the defendant was confined and treated in a substance abuse treatment facility pursuant to section 12.422(a)(1) of the Penal Code. We look, therefore, to the statutory provisions governing the suspension of sentences, probation, and the revocation of probation, which the legislature has articulated in article 42.12 of the Code of Criminal Procedure.[6]

Article 42.12, section 26 of the Code of Criminal Procedure governs the revocation of probation. Subsection (a) authorizes a court that is revoking a defendant's probation after a hearing held pursuant to article 42.12, section 24,

---

(footnote continued)

> defendant is released from a substance abuse facility, for the purpose of allowing the court to place the defendant on probation under this article. A court may place the defendant on probation under this subsection on its own motion or on the motion of any party. If probation is imposed, the period of probation may not exceed the term of years imposed under Section 12.422(a)(2), Penal Code, and the court must impose as a condition of probation that the defendant participate in a drug or alcohol abuse after-care program. If the court does not impose probation on the defendant within the time permitted under this subsection, the punishment under Section 12.422(a)(2), Penal Code, is automatically discharged.

[6]Article IV, section 11A of the Texas Constitution authorizes the legislature to prescribe conditions for the courts' use in suspending the imposition or execution of sentence, placing the defendant on probation, and reimposing sentence upon the defendant. The legislature has prescribed such conditions in article 42.12 of the Code of Criminal Procedure. Article 42.12 authorizes the judge of a state court having original jurisdiction of criminal actions to suspend the imposition of the sentence and place the defendant on probation if certain specified conditions are met. Code Crim. Proc. art. 42.12, § 3. Any defendant placed on probation remains under the supervision of, and within the jurisdiction of, the sentencing court. *Id.*; *see id.* §§ 10, 24. Pursuant to article 42.12, section 11(a) of the Code of Criminal Procedure, the court must determine the terms and conditions of the defendant's probation. If the defendant violates any of the terms or conditions of his or her probation, the court may revoke the defendant's probation. *Id.* §§ 24(a), 26(a).

either to dispose of the case as if the defendant never had been on probation, or to reduce, to a specified extent, the term of imprisonment to which the court originally sentenced the defendant. Subsection (b) prohibits the court from considering, as part of the time that the defendant will be sentenced to serve, any part of the time that the defendant was on probation. However, the court must consider any time the defendant spent in actual confinement as a condition of probation under section 12 or 13 of article 42.12. Code Crim. Proc. art. 42.12, § 26(b); *see id.* §§ 12 (permitting court with jurisdiction of misdemeanor case to requires as condition of probation that defendant submit to period of detention), 13(a), (b) (requiring court to require as condition of probation that defendant in DWI case submit to period of detention). Assuming for the moment that the period of time a defendant spends in a substance abuse treatment facility is a period in "actual confinement," the court did not order it pursuant to section 12 or 13 of article 42.12. Thus, article 42.12, section 26(b) of the Code of Criminal Procedure does not permit a court to credit the defendant for the period of time the defendant spent in a substance abuse treatment facility.[7]

Other sections of article 42.12 authorize a court to sentence a defendant to particular types of alternative incarceration and expressly direct the court whether to apply the time the defendant spent in an alternative incarceration facility towards completion of the defendant's sentence, should the court revoke the defendant's probation. *See id.* §§ 18, 19; *see also id.* § 21. None of these sections apply specifically to a sentence the court has imposed in accordance with section 12.422 of the Penal Code.[8] Notably, however, article 42.12, section 19 authorizes a court,

---

[7]Article 42.03, section 2(a) of the Code of Criminal Procedure requires a court to give a defendant credit on his or her sentence or the period of confinement that the defendant must serve as a condition of probation for the time that the defendant has spent in jail in the cause presently before the court from the time of the defendant's arrest until the time the trial court sentences the defendant. Any period of confinement and treatment the defendant spends in a substance abuse treatment facility pursuant to Penal Code section 12.422(a)(1) is part of the defendant's sentence; thus, Code of Criminal Procedure article 42.03, section 2(a) does not apply.

[8]Article 42.12, section 18 authorizes a court, under certain conditions, to require as a condition of a defendant's probation that the defendant serve a term of three to twelve months in a restitution center. Code Crim. Proc. art. 42.12, § 18(a). Section 18(c) prohibits a court from applying time the defendant has spent in a restitution center toward the completion of the defendant's prison sentence if the court revokes the defendant's probation. Article 42.12, section 21 authorizes a court, under certain conditions, to require as a condition of a defendant's probation that the defendant submit to electronic monitoring. *Id.* § 21(a). If the defendant violates a condition of his or her probation, "the court may revoke probation and order the probationer to the term of imprisonment or confinement specified in

under certain conditions, to require as a condition of a defendant's probation that the defendant serve a term of one to twenty-four months in a community corrections facility. *Id.* § 19(b). Article 42.12, section 19(d) of the Code of Criminal Procedure expressly provides that a court must not apply toward the completion of a defendant's sentence the amount of time the defendant has spent in a community corrections facility.[9] The Code of Criminal Procedure does not define "community corrections facility," but article 42.13, section 6(b) of the Code of Criminal Procedure lists several types of alternative incarceration facilities that a community supervision and corrections department[10] may choose to operate as a community corrections facility. *Id.* art. 42.13, § 6(b)(2)(C); *see id.* art. 42.12, § 19(a) (defining "community corrections facility" in terms of facilities Code Criminal Procedure article 42.13, section 5 lists); *Trigg v. State*, 801 S.W.2d 958, 959 (Tex. App.--Dallas 1990, no writ) (stating that Code Criminal Procedure article 42.12, section 19(a) should refer to section 6(b), not section 5, of article 42.13); Attorney General Opinion JM-1131 (1989) at 3 n.1 (stating that Code Criminal Procedure article 42.131, section 3(a), which also refers to Code Criminal Procedure article 42.13,

---

(footnote continued)
the probationer's sentence." *Id.* § 21(b) (as amended by Acts 1989, 71st Leg., ch. 1040, § 5). We will discuss article 42.12, section 19 in the text *infra*.

[9]Article 42.12, section 18(c) of the Code of Criminal Procedure also prohibits a court from applying time spent in a restitution center toward completion of the defendant's prison sentence if the court revokes the defendant's probation. Section 18(a) provides that, under certain conditions, a judge may require as a condition of a defendant's probation that the defendant serve a term of three to twelve months in a restitution center. Generally, a defendant may leave the restitution center only to go to work, to attend educational or rehabilitative programs, and to perform a community service work; at all other times the defendant must be confined to the restitution center. *Id.* § 18(j)

[10]Article 42.131, section 2(a) of the Code of Criminal Procedure requires all district judges trying criminal cases in each judicial district in the state to establish a community supervision and corrections department (the department). Any judge trying criminal cases, whether the judge serves as a district judge or a statutory court judge, may participate in the management of the department. Code Crim. Proc. art. 42.131, § 2(a). The department, acting alone or with another department, a county, or a municipality, may establish community corrections facilities. *Id.* § 3(a). Generally, the district judges in a jurisdiction served by a department must establish a community justice council, which council is to provide "continuing policy guidance and direction for the development of criminal justice plans and community corrections facilities and programs." *Id.* § 3(b). The community justice council must submit an annual community justice plan to the community justice assistance division of the TDCJ, which plan must, among other things, summarize services the department currently provides, describe proposed new or expanded community correction facilities, and describe services for offenders that the area the department serves still needs. *Id.*

section 5 to define "community corrections center," should be read to refer to section 6(b) of article 42.13). Among the types of community corrections facilities listed are *substance abuse treatment facilities*, custody facilities and boot camps, work facilities, and halfway houses. *Id*. art. 42.13, § 6(b)(2)(C).

We understand that a community corrections facility that is operated as a "substance abuse treatment facility" in accordance with article 42.13 of the Code of Criminal Procedure differs from a "substance abuse treatment facility" that is operated in accordance with section 493.009 of the Government Code. Significantly, for instance, a community corrections facility is established and administered by a local entity, the community supervision and corrections department.[11] *See id*. arts. 42.13, § 6, 42.131; *supra* note 10. The county or counties served by the community corrections center must provide the physical facilities, equipment, and utilities. Code Crim. Proc. art. 42.13, § 8(a). In contrast, as stated above, a substance abuse treatment facility operated pursuant to section 493.009 of the Government Code is developed and administered by the TDCJ, and the TDCJ must provide the facilities. *See supra* notes 3-4 and accompanying text. Nevertheless, we believe that the nature of the time a probationer spends at a substance abuse facility, whether such facility is operated pursuant to the relevant articles in the Code of Criminal Procedure or pursuant to section 12.422 of the Penal Code, is the same. In either type of facility, the probationer will participate in programs that will attempt to break the person's addiction to alcohol or other drugs.

In our opinion, when a court revokes a defendant's probation, the court should treat the amount of time a defendant served in a substance abuse treatment facility pursuant to section 12.422(a)(1) of the Penal Code in the same manner as the court must treat the amount of time a defendant served in a community corrections center that is operated as a substance abuse treatment facility. Thus, a judge must not apply time the defendant spent in a substance abuse treatment facility pursuant to section 12.422(a)(1) of the Penal Code toward completion of the defendant's sentence if the court revokes the defendant's probation.

## S U M M A R Y

A judge must not apply time spent in a substance abuse
treatment facility pursuant to section 12.422 of the Penal Code

---

[11]We understand that a sheriff also may operate a community corrections facility.

toward completion of the defendant's sentence if the court revokes the defendant's probation.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General