**William Nathaniel ANDERSON,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–92–01133–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 29, 1993.

Kelly S. Densen, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

ELLIS, Justice.

Appellant, William Nathaniel Anderson, appeals a judgment of conviction for two offenses of burglary of a habitation with intent to commit theft. TEX.PENAL CODE ANN. § 30.02 (Vernon 1989). Appellant pleaded guilty to both burglary counts of the indictment without an agreed recommendation. The trial court accepted his guilty pleas and deferred adjudication of his guilt and placed him on probation for five years. As a condition of appellant's probation, he was to be committed to the Court's Regimented Intensive Probation Program, a community-based facility for 60 to 120 days. Appellant participated in this program from January 8, 1992 through approximately April 16, 1992.

On November 6, 1992, the State filed a motion to adjudicate guilt on both counts based on various probation violations committed by appellant. On October 6, 1992 appellant pled true to the motions, and the court sentenced him to six-years confinement in the Institutional Division of the Texas Department of Criminal Justice on each count. Following this sentence, appellant filed a motion with the trial court requesting that the court credit the time he served in the Courts' Regimented Intensive Probation program toward his six-year sentence. This motion was denied. Thereafter, timely written notice of appeal was filed regarding this motion by permission of the trial judge. We affirm.

In his sole point of error, appellant asserts the trial court erred in failing to apply the time he served in the Court's Regimented Intensive Probation Program (CRIPP) toward the six year sentence imposed by the court. The record reveals that appellant served approximately three months in CRIPP as a condition of his deferred adjudication probation and that the trial court refused to credit him with this time when he was sentenced to six years confinement following adjudication of his guilt. Appellant now attacks the trial court's refusal to apply the time he spent in the CRIPP toward his sentence.

A review of article 42.12 of the Texas Code of Criminal Procedure (entitled "Adult Probation") is helpful in the resolution of this issue. TEX.CODE CRIM.PROC. ANN. art. 42.12, § 19(b), (d) (Vernon 1993). This statute reads in pertinent part:

(b) If a judge places a defendant on probation under any provision of this article as an alternative to imprisonment, the judge may require as a condition of probation that the defendant serve a term of not less than one month or more than 24 months in a community corrections facility designated by the judge....

(d) A probationer granted probation under this section may not earn good conduct credit for time spent in a community corrections facility or **apply time spent in the facility toward completion of a prison sentence if the probation is revoked.** (emphasis added)

TEX.CODE CRIM.PROC.ANN. art. 42.12, § (19)(b), (d).

Therefore, if the definition of "community corrections facility" includes the CRIPP, appellant is not entitled to credit for time spent in the CRIPP.

The Texas Code of Criminal Procedure does not expressly define the phrase community corrections facility. *Trigg v. State,* 801 S.W.2d 958, 959 (Tex.App.—Dallas 1990, no pet.). Article 42.13, § 6(b) does however list several types of such facilities. *Id.;* TEX.CODE CRIM.PROC.ANN. art. 42.13, § 6(b) (Vernon 1993). These include:

(i) restitution facilities;

(ii) court residential treatment facilities;

(iii) substance abuse treatment facilities;

(iv) **custody facilities and boot camps;**

(v) facilities described by Section 1, Article 4413 (49a), Revised Statutes;

(vi) intermediate sanction facilities;

(vii) pre-parole transfer facilities;

(viii) halfway houses; and

(ix) work facilities.

TEX.CODE CRIM.PROC.ANN. art. 42.13, § 6(b) (emphasis added).

As appellant acknowledges, the guidelines promulgated by the Harris County Community Supervision and Corrections Department regarding the CRIPP describe the program as a secure facility where the probationers are under custodial supervision. While in the facility the probationers are subjected to strict military-style discipline and strenuous physical activity, i.e., boot camp. Given this characterization, the CRIPP facility is a community corrections facility. TEX.CODE CRIM.PROC.ANN. art. 42.13, § 6(b)(iv). This conclusion is further buttressed by the fact that the trial court in its "conditions of probation" document, identifies the CRIPP as a "community-based facility."

We find that CRIPP is a community corrections facility, therefore, appellant is not entitled to credit for the time he spent there pursuant to article 42.12, § 19(d). Appellant's point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.